561 So.2d 604 (1990)
Thomas Martin SPOERRI, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-3106.
District Court of Appeal of Florida, Third District.
April 10, 1990.
Rehearing Denied June 25, 1990.
*605 Bierman, Shohat & Loewy and Donald I. Bierman and Ira N. Loewy, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, Asst. Atty. Gen., for appellee.
Before HUBBART, COPE and LEVY, JJ.
PER CURIAM.
Thomas Martin Spoerri, the defendant, was charged with three counts of sexual abuse upon a child, K.G. The jury found the defendant guilty on all counts and he was sentenced to life imprisonment on both Counts I and II (consecutive 25-year minimum terms as to both counts) and two-and-one-half years on Count III to run consecutive with the sentences on Counts I and II. We reverse and remand.
Prior to trial, and over the defendant's objection, the court had granted the State's motion to allow K.G. to testify at trial through the use of a two-way closed circuit television. However, at trial the State elected to begin its case with K.G. testifying in open court. Thereafter, the State asked the court to remove K.G. from the courtroom and, furthermore, to allow her to continue her testimony from the judge's chambers via two-way closed circuit television. The court granted this motion notwithstanding defense counsel's objections.
This procedure, in starting K.G.'s testimony in the courtroom and then removing the child to complete her testimony from the judge's chambers, thereby highlighting K.G.'s fear of the defendant, prejudiced the defendant. In effect, the clear impression conveyed to the jury was that the judge felt that this particular witness, K.G., needed to be protected from testifying in the presence of this particular defendant. *606 The inference that K.G. needed to be shielded from the sight of the defendant cast a negative aspersion upon the defendant's credibility and created the appearance that the judge felt that the child was afraid of the defendant, thus prejudicing the defendant's right to a fair trial. The prejudicial effect of this procedure was especially harmful in this case because the defendant herein took the stand and testified in his own behalf about his version of the circumstances surrounding the statement obtained from him by the police. This statement was a pivotal piece of evidence against the defendant and the procedure implemented by the State, as described above, put the defendant "behind the eight-ball", so to speak, before he even got up to dispute or explain the statement relied upon so heavily by the State in its case.
Additionally, it was error for the court not to make a specific finding, in the record, that there was a substantial likelihood that K.G. would "suffer at least moderate emotional or mental harm if required to testify in court," as required by Section 92.54, Florida Statutes (1989). At retrial, if the State seeks to have K.G. testify through use of closed circuit television, the trial court must make a case-specific finding that there is sufficient evidence to establish that closed circuit television testimony is necessary to prevent K.G. from suffering the type of harm described above. See Fricke v. State, 561 So.2d 597 (Fla. 3d DCA 1990); Sampson v. State, 541 So.2d 733 (Fla. 1st DCA 1989); Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988).
Also on retrial, the trial court should allow the defense greater latitude in cross-examining K.G.'s mother. Under Section 90.402, Florida Statutes (1989), all relevant evidence is admissible to prove or disprove a material fact. Here, the evidence indicates that the landlord was in the process of evicting the mother and that the defendant worked for the landlord and sometimes collected the rent. Because there was a possible motive on the part of the mother to encourage K.G. to falsely accuse the defendant as a means of getting back at the landlord, the defense should not have been precluded from asking the mother questions about the relationship between the mother and the landlord and the defendant.
Reversed and remanded with instructions.