598 So.2d 270 (1992)
Raul DUARTE, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1079.
District Court of Appeal of Florida, Third District.
May 12, 1992.
*271 Bennett Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel and Giselle D. Lylen, Asst. Attys. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
Raul Duarte appeals from his conviction and sentence for trafficking in cocaine. We reverse.
Duarte was arrested and charged with trafficking in cocaine after undercover police officers discovered a cocaine processing lab in the home of one of Duarte's friends. At trial, during cross-examination, the lead detective testified that, to his knowledge, the lab was not processed for fingerprints because the chemicals in the lab would have destroyed the fingerprints. Duarte testified that he saw officers taking fingerprints.
After the State rested, Duarte announced that he planned to call a Metro-Dade County fingerprint expert, Ivan Almeida, who was not listed on the defense witness list. Duarte stated that he was surprised by the lead detective's testimony concerning the failure to process the lab for prints and wanted to call Almeida to rebut the lead detective's testimony. Duarte proffered that Almeida would testify that cocaine labs can be processed for fingerprints and that the chemicals do not destroy fingerprints unless the chemicals are poured directly on the fingerprints. The State objected to Duarte calling Almeida, arguing that it was Duarte who elicited the testimony from the lead detective and, therefore, Duarte could not claim he was surprised. The trial court excluded the defense witness because he was not previously disclosed. Duarte was convicted and sentenced.
Several days later, Duarte discovered that the State had failed to disclose a fingerprint technician's report. One fingerprint of comparison value had been found and it was not that of Duarte. Duarte filed a motion for new trial, claiming the State committed a Brady[1] violation. The trial court denied the motion. Duarte appeals.
The trial court committed reversible error by failing to conduct an adequate Richardson[2] inquiry after Duarte announced that he wished to call a previously undisclosed witness. A Richardson inquiry is designed to "ferret out procedural prejudice occasioned by a party's discovery violation." Smith v. State, 372 So.2d 86, 88 (Fla. 1979). The court must consider two things. "First, the judge must decide whether the discovery violation prevented the aggrieved party from properly preparing for trial. Second, the judge must determine the appropriate sanction to invoke for the violation." Id. The failure to make a proper inquiry is per se reversible error. See Smith v. State, 500 So.2d 125, 126 (Fla. 1986); Williams v. State, 513 So.2d 684, 686 (Fla. 3d DCA 1987), review denied, 523 So.2d 578 (Fla. 1988).
*272 In this case, the trial court excluded Almeida's testimony without first considering whether the State suffered any prejudice by Duarte's failure to list the witness. The trial court excluded the witness based solely upon Duarte's failure to list him. There was no inquiry as to prejudice to the State and no consideration whether a lesser remedy than exclusion of the witness would suffice. Under Richardson, the failure to make the inquiry is reversible error. Smith, 500 So.2d at 126; Williams, 513 So.2d at 686.
Additionally, the trial court erred by failing to grant Duarte a new trial due to the Brady violation. The fingerprint technician's report was "material" and was "favorable" to Duarte, especially in light of the conflicting evidence presented at trial. See Moore v. Illinois, 408 U.S. 786, 794-95, 92 S.Ct. 2562, 2567-68, 33 L.Ed.2d 706, 713 (1972).
Since there must be a new trial, we note that "[i]n a criminal prosecution, it is improper cross-examination to ask a witness if another witness (who had previously testified) `was lying.'" Whitfield v. State, 549 So.2d 1202 (Fla. 3d DCA 1989). The State's cross-examination transgressed that rule.
Duarte's conviction and sentence are reversed and remanded for a new trial.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[2] Richardson v. State, 246 So.2d 771 (Fla. 1971).