614 So.2d 1197 (1993)
John RINALDI, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00470.
District Court of Appeal of Florida, Second District.
February 26, 1993.
James Marion Moorman, Public Defender, Bartow, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
John Rinaldi appeals his convictions for second-degree murder and burglary with intent to commit battery. We affirm his burglary conviction but reverse his second-degree murder conviction because the trial court gave an insufficient jury instruction.
The state charged Rinaldi with second-degree murder and burglary with intent to commit battery. The trial court instructed the jury on manslaughter, a lesser included offense of second-degree murder. In its definition of manslaughter, the trial court included a definition of excusable homicide but not justifiable homicide. Defense counsel did not object at trial.
An instruction on manslaughter is incomplete without explaining both justifiable and excusable homicide. Stockton v. State, 544 So.2d 1006 (Fla. 1989); Niblack v. State, 451 So.2d 539 (Fla. 2d DCA 1984). This error is fundamental and may be considered on appeal notwithstanding defense counsel's failure to object in the trial court. Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986).
The state's argument that there was no error because the facts of the case did not justify such an instruction has no merit. The trial court must instruct a jury completely on all necessarily included offenses, regardless of the evidence. Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990); Niblack. The trial court's failure to give a complete instruction was fundamental error. Rinaldi's conviction for second-degree murder must be reversed, and Rinaldi is entitled to a new trial on that charge.
Reversed and remanded for a new trial.
HALL, A.C.J., and BLUE, J., concur.