ON MOTION FOR CLARIFICATION GRANTED
PER CURIAM.
Defendant Morris Lee Sales seeks reversal of his criminal convictions and sentence for second degree murder and unlawful possession of a firearm while engaged in a criminal offense.
According to a formal statement made to the police by the defendant after his arrest, the defendant shot and killed the victim, Clifton Carter, in self-defense after an argument erupted over the quantity and quality of cocaine he had just purchased from Carter. He had known Carter for a few years, had continuously been harassed by him, and knew that Carter always carried a gun. On the day in question, defendant noticed a .357 Magnum in Carter’s front pant pocket. When they began arguing Carter pulled out the gun several times and threatened defendant with it. When Carter turned to walk away, defendant grabbed him, and as they struggled, Carter again attempted to retrieve his gun. At that point, defendant reached for a gun he had hidden under his shirt and repeatedly fired at Carter.
At trial, a defense witness testified that Carter and the defendant were arguing about money when Carter threatened to “blow [the defendant’s] brains out.” As Carter reached for his gun, it seemed to catch in his pant pocket. Defendant was able to retrieve his firearm and began firing at Carter.
The judge instructed the jury:
If you find Clifton Carter was killed by Morris Sales you will then consider the circumstances surrounding the killing in deciding if it is murder in second degree or manslaughter or whether the killing was excusable or resulted from justifiable use of deadly force.
I will go into that more at a future time. Thereafter, the judge defined “justifiable homicide,” but failed to define “excusable homicide.” Defendant did not object to the jury instruction given without any reference to excusable homicide.
Ultimately, the jury returned guilty verdicts for second degree murder and unlawful possession of a firearm while engaged in a criminal offense, and defendant was adjudicated guilty. He was sentenced to twenty-two years in prison with three years minimum mandatory for use of a firearm.
Defendant correctly points out that it is fundamental error when a trial court instructs the jury on manslaughter without defining both justifiable and excusable homicide, where there is evidence which supports either defense. Nixon v. State, 603 So.2d. 660, 661 (Fla. 3d DCA 1992) (and cases cited therein). Here, defendant’s defense was self-defense. Since evidence was presented concerning the escalating nature of the encounter between the defendant and the victim, and given the victim’s prior history of harassing the defendant, the omitted instruction would have covered a matter actually in dispute. Id. *489 Thus, his conviction for second degree murder must be reversed.[1]
Furthermore, since we reverse defendant’s conviction for second degree murder, his conviction for unlawful possession of a firearm during the commission of a felony must likewise be reversed. Redondo v. State, 403 So.2d 954, 956 (Fla.1981).
Accordingly, defendant’s convictions and sentence are reversed and the case is remanded for a new trial.

. The Florida Standard Jury Instruction on excusable homicide provides in pertinent part:
The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:
******
2. When the killing occurs by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation.
Fla. Std. Jury Instr. (Crim.) 61.