634 So.2d 784 (1994)
Robert Lewis STALLINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-229.
District Court of Appeal of Florida, Fifth District.
March 31, 1994.
*785 James B. Gibson, Public Defender, and Nancy Ryan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Robert Lewis Stallings appeals his conviction of attempted second degree murder. He contends that the trial court erred by failing to include a definition of excusable homicide in instructions given to the jury. We agree, vacate the adjudication of guilt and remand for a new trial.
Stallings shot the victim, Allen Gainous, in the mouth during an altercation over the amount of cocaine Gainous was attempting to buy from Stallings. Both individuals claim that the other picked up a brick to use as a weapon on the other. Stallings also claims that he fired one or two shots into the air and told Gainous to leave when Gainous threatened to hit Stallings' cousin with the brick. Instead of leaving, Gainous allegedly rushed at Stallings who then fired at and injured Gainous.
Stallings' defense counsel specially requested that the jury receive several of the instructions found in Rule 3.04(d), Florida Standard Jury Instructions in Criminal Cases, pertaining to the justifiable use of deadly force because self-defense was the main issue of the case. The trial court granted the request but failed to give the mandatory standard instruction contained in the introduction to homicide. The introduction provides definitions for both justifiable and excusable homicide and is to be read in all murder and manslaughter cases. State v. Smith, 573 So.2d 306, 309 (Fla. 1990). Stallings made no objection, but asserts on appeal that no objection was necessary and that, absent a waiver by the defense, it was necessary that the instruction be given.
The state contends that Stallings waived his right to rely on excusable homicide, by specifically requesting justifiable use of deadly force instructions and relying on these instructions in his argument to the jury. The state argues the instant case is controlled by Armstrong v. State, 566 So.2d 943 (Fla. 5th DCA 1990), decision approved, 579 So.2d 734 (Fla. 1992), in which defense counsel specifically requested that the court omit from the definition of excusable homicide any reference to a killing in the heat of passion, upon sudden provocation, or upon sudden combat. The supreme court in Armstrong, in finding defense counsel had waived any defect in the instruction given, answered affirmatively the following certified question:
DOES TRIAL COUNSEL FOR A DEFENDANT WAIVE FOR HIS CLIENT FUTURE OBJECTION TO FAILURE TO GIVE THE FULL AND COMPLETE INITIAL INSTRUCTION ON JUSTIFIABLE AND EXCUSABLE HOMICIDE AS PART OF THE MANSLAUGHTER INSTRUCTION WHEN THE TRIAL ATTORNEY SPECIFICALLY REQUESTS AN ABBREVIATED INSTRUCTION, WHICH OTHERWISE WOULD CONSTITUTE FUNDAMENTAL ERROR?
Contrary to the state's assertion, the instant case is not controlled by Armstrong. In Armstrong, defense counsel requested and received an abbreviated version of the standard instruction on excusable homicide contained in the "Introduction to Homicide" of the Standard Jury Instructions. In the *786 instant case there was no request to either limit or eliminate the initial instruction on homicide, and yet, no part of this initial instruction which is required to be read in all homicide cases was read. Defense counsel did submit a manslaughter charge which failed to mention justifiable or excusable homicide. This charge, however, was modified to include the statement that "... the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide." The jury was then given defense counsel's requested instructions on justifiable use of deadly force but was never given either the standard initial homicide instruction or some other definition of excusable homicide.
The fact that appellant did not appear to particularly rely on excusable homicide as opposed to justifiable homicide appears to be inconsequential. In Standard Jury Instructions-Criminal Cases No. 92-1, 603 So.2d 1175 (Fla. 1992), the supreme court rejected a committee recommendation that "no portion of the excusable homicide instruction need be read when it has no basis in the evidence." Id. at 1176. Concluding to the contrary, the court noted: "We say this because Florida case law has consistently held that manslaughter is a residual offense which cannot be properly defined without an explanation that justifiable homicide and excusable homicide are excluded from the crime. Rojas v. State, 552 So.2d 914 (Fla. 1989); Hedges v. State, 172 So.2d 824 (Fla. 1965)."
Since Rojas, several district court cases have followed the rule established in Rojas[1] that a failure to instruct on both excusable and justifiable homicide constitutes fundamental error. Lucas v. State, 630 So.2d 597 (Fla. 1st DCA 1993); Taylor v. State, 622 So.2d 603 (Fla. 2d DCA 1993); Rinaldi v. State, 614 So.2d 1197 (Fla. 2d DCA 1993); Nixon v. State, 603 So.2d 660 (Fla. 3d DCA 1992).
In Lucas, the first district reaffirmed that such an error is fundamental but admitted some degree of uncertainty due to the supreme court's statement (by a majority of four) in State v. Delva, 575 So.2d 643, 645 (Fla. 1991) that "failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." In reaching its conclusion that the error, despite Delva, was both fundamental and per se reversible error, the first district found support in the supreme court's rejection of the committee's suggestion that the excusable homicide instruction need not be read in cases where there is no basis for it in the evidence. The court also found support for its decision in the case of Miller v. State, 573 So.2d 337 (Fla. 1991), where the supreme court treated the error as fundamental and per se reversible even though the district court opinion had noted that "no view of the evidence could support a finding of justifiable or excusable homicide." Miller v. State, 549 So.2d 1106, 1110 (Fla. 2d DCA 1989). In accordance with Rojas and Standard Jury Instructions-Criminal Cases, No. 92-1, we reverse appellant's conviction and sentence.
Upon retrial, the state is cautioned to observe the principle of State v. Lee, 531 So.2d 133 (Fla. 1988) relative to improper collateral crime evidence. The collateral crime of drug dealing explains the events leading to the shooting, but should not dominate the trial. We disagree with Stallings that the trial court erred by denying his motion in limine to exclude any evidence regarding the underlying crack cocaine transaction since it directly led to the altercation involving the manslaughter charge. We agree with the trial judge's ruling that excluded evidence of the victim's reputation for violence. A proper predicate for the evidence did not precede the attempted introduction. See Rogers v. State, 511 So.2d 526, 530 (Fla. 1987).
*787 REVERSED AND REMANDED FOR NEW TRIAL.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] In Rojas the supreme court did point out that it was not receding from its refinement of Lomax v. State, 345 So.2d 719 (Fla. 1977) in State v. Abreau, 363 So.2d 1063 (Fla. 1978). In Abreau, the supreme court held that the failure to give an accurate instruction on a lesser included offense which is two steps removed from the crime of which the defendant is convicted constitutes harmless error. In the instant case, since the appellant was convicted of the very charge for which the instruction must be given, namely manslaughter, there can be no finding of harmless error under the Lomax principal.