643 So.2d 1122 (1994)
Carlton TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-709.
District Court of Appeal of Florida, Third District.
September 14, 1994.
Rehearing Denied November 9, 1994.
*1123 Bennett H. Brummer, Public Defender, and Gene Reibman, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Cecily Robinson-Duffie, Asst. Atty. Gen., for appellee.
Before NESBITT, GERSTEN and GODERICH, JJ.
PER CURIAM.
Defendant Carlton Taylor appeals his conviction for second degree murder with a firearm. We reverse because the trial court's erroneous evidentiary rulings deprived Taylor of a fair trial.
Taylor shot and killed Octavio Rivero during a fist-fight between Taylor and his friends, and Rivero and his friends. At trial, Taylor claimed that he fired the gun in self-defense and in defense of his friend, because Demal Cheecks, one of Rivero's friends, had his gun pointed at Taylor.
The jury found Taylor guilty of second degree murder with a firearm, and the trial court sentenced him to 22 years with a three-year minimum mandatory. Taylor asserts that the trial court committed reversible error in several evidentiary rulings. We agree. Of the multiple errors in this appeal, we find the most egregious to be the trial court's exclusion of a key defense witness's testimony, and its failure to instruct the jury on justifiable and excusable homicide.
At trial, the State objected to defense counsel calling Cheecks as a witness. The State argued that defense counsel had committed a discovery violation by failing to list Cheecks as a witness, and that the State was prejudiced when Taylor first called Cheecks' name in the presence of the jury. The trial court conducted a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971), and excluded Cheecks' testimony.
Florida Rule of Criminal Procedure, Rule 3.220(n), provides that the failure to comply with an applicable discovery rule may result in court-ordered sanctions, which include the exclusion of testimony at trial. However, the exclusion of a witness is a drastic remedy which should only be used upon the showing of a willful, substantial disregard of discovery rules which results in prejudice. State v. Tascarella, 580 So.2d 154 (Fla. 1991); Duarte v. State, 598 So.2d 270 (Fla. 3d DCA 1992); Hernandez v. State, 572 So.2d 969 (Fla. 3d DCA 1990).
Here, the facts reflect that the failure to list Cheecks was neither willful nor substantial. Taylor's counsel stated, without rebuttal, that Cheecks was not on the witness list because a prior prosecutor had agreed to call Cheecks as a State witness.[1] As this *1124 court stated in McDugle v. State, 591 So.2d 660, 661 (Fla. 3d DCA 1991), "By listing the [witness] as its own witness, the state was in position to expect the defense might call on him."
Moreover, the police had taken Cheecks' statement, and the parties had taken Cheecks' deposition.[2] The State therefore knew the importance of Cheecks' testimony to the defense. Clearly Cheecks' involvement permeated this case, thus leaving a hollow ring to the State's claim of prejudice.
By contrast, Taylor was greatly prejudiced by the exclusion of the testimony because his entire theory of defense was that Cheecks had been brandishing a gun, causing Taylor to fear for his life and the life of his friend. The State failed to show that its ability to try the case would have been substantially impeded by the introduction of the testimony, and thus the trial court's ruling constituted an abuse of discretion requiring reversal. See State v. Kerr, 562 So.2d 840 (Fla. 4th DCA 1990); S.G. v. State, 518 So.2d 964 (Fla. 3d DCA 1988).
The court also committed fundamental error when it instructed the jury on manslaughter without defining justifiable and excusable homicide. Reversal is required because Taylor's defense was self-defense, and the omitted instruction would have covered a matter in dispute. Rojas v. State, 552 So.2d 914 (Fla. 1989); Sales v. State, 621 So.2d 487 (Fla. 3d DCA), review denied, 626 So.2d 208 (Fla. 1993); Nixon v. State, 603 So.2d 660 (Fla. 3d DCA 1992). Accordingly, Taylor's conviction and sentence is reversed, and the case is remanded for a new trial.
Reversed and remanded.
NOTES
[1] We must express concern with the prosecutor's obvious lack of candor throughout the proceedings in this case. Defense counsel informed the court that a prior prosecutor had agreed to use Cheecks as a witness, and requested that Cheecks be brought from the county jail. However, the prosecutor at trial, Susan Dannelly, objected to the defense calling Cheecks. Dannelly claimed the State's case would be prejudiced because she had planned her trial strategy based upon her belief that Cheecks would not testify. Yet, when defense counsel questioned Dannelly as to whether she would call Cheecks, Dannelly told him "it wasn't any of his business," and walked away. More importantly, Dannelly never challenged the defense assertion that an agreement was made for the State to call Cheecks as a witness. We find defense counsel's remarks highly illustrative of the prosecutor's improper attempts to prejudice the defense:

[It is not] as though for 12 months state's been relaying [sic] under their theory Mr. Cheecks wouldn't testify. To the contrary, for 11 of those months or, if you will, [until] Miss Dannelly took over it was the state's understanding Mr. Cheecks was testifying. My understanding he was testifying.
Quite frankly it was under the state's control. I couldn't get this man by subpoena. I couldn't list him. I would have to list him without an address. I couldn't get him by subpoena. I think the Court needs to recall, there was a motion for rule to show cause on Mr. Cheecks. Court denied. State said they would get him. We go through with it. I agreed. They would produce the witness for deposition. And quite frankly, I didn't think I had control over him to get him as a witness. While here, the whole reason I expected the state was calling him. Assuring me they had control over Demal Cheecks... . [T]his is not a strategy decision by testifying. Not to list the witness. It was even explored in open court with the prosecutor with defense there. Both prosecutor and defense were present in the court. The prosecution was sure. The Court's position was the prosecution would be presenting this witness... .
So the fact the state now stands here and says, well, I didn't talk to [the prior prosecutor], I didn't know anything about Cheecks being called by defense. That's the state's problem. The state obviously, was aware of this Richardson Inquiry.
[2] We are well aware of the common practice in the Eleventh Circuit to allow either side to recess a trial at any time in order to depose a witness. Certainly under facts such as these, where the State had already attended Cheeck's deposition and had his statement, excluding the witness was far too severe a sanction, if any sanction was warranted at all, under the standards enumerated in Tascarella, 580 So.2d at 154, Duarte, 598 So.2d at 270, and Hernandez, 572 So.2d at 969.