PER CURIAM.
Keith Cipriano appeals the summary denial of his rule 3.850 motion. We reverse in part and remand for further review of two related claims.
Following a jury trial, appellant was convicted as charged of solicitation to commit first degree murder. According to the evidence at trial, he asked a former neighbor to kill his ex-wife’s live-in boyfriend for $500.
In ground IB of his postconviction motion, appellant asserted that his trial attorney provided ineffective assistance by not investigating the neighbor, Mr. Baio, who was the State’s key witness. Appellant alleged Baio had a motive to give testimony for the State in this case because Baio had a criminal conviction and was on probation at the time of appellant’s trial. In addition, the State failed to disclose that Baio was granted immunity in exchange for his testimony. Baio accepted the money and did not report the solicitation to the police. However, he was not charged with any offense in this case or with a violation of his probation. In ground 1G of his supplemental motion, appellant alleged that his attorney was ineffective for failing to impeach Baio with his probationary status and his violation of probation at the time of trial.
Under the confrontation clause, a defendant has the right to question a witness about his probationary status to reveal possible bias. See Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The witness’s probationary status could explain his motivation *364 in testifying and in turn affect the witness’s credibility or the weight the jury would place on his testimony. Id. at 316-18, 94 S.Ct. 1105; see also Purcell v. State, 735 So.2d 579, 580 (Fla. 4th DCA 1999)(recognizing “a defendant has a ‘strong interest in discrediting a crucial state’s witness by showing bias, an interest in the outcome, or a possible ulterior motive for his in-court testimony’ ’’(quoting Auchmuty v. State, 594 So.2d 859 (Fla. 4th DCA 1992)); Perez v. State, 691 So.2d 1190, 1192 (Fla. 4th DCA 1997)(concluding “[a] jury should hear ‘[a]ny evidence which tends to establish that a witness is appearing for the State for any reason other than merely to tell the truth’ ’’Xquoting Holt v. State, 378 So.2d 106 (Fla. 5th DCA 1980)).
In this case, Baio’s testimony was the only direct evidence of solicitation to commit murder. Evidence that Baio was not a disinterested witness, that he was on probation, and that he was granted immunity in exchange for his testimony could have affected the jury’s verdict. Appellant has stated legally sufficient claims that are not conclusively refuted by the ■ records attached to the circuit court’s order.
Accordingly, the order is reversed in part and remanded for an evidentiary hearing or record attachments that conclusively show appellant is not entitled to relief. On remand, the court shall address appellant’s claims that counsel was ineffective for failing to impeach Baio with his probationary status and that the State failed to disclose that Baio was given immunity in exchange for his testimony.
AFFIRMED in part, REVERSED in part, and REMANDED.
KLEIN, STEVENSON and HAZOURI, JJ., concur.