IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


SOLOMON JASON HARRELL, JR.,

     Appellant,

 v.                       Case No.  5D21-674
                            LT Case No. 05-2016-CF-037245-A

STATE OF FLORIDA,

     Appellee.
_____/

Opinion filed April 29, 2022

3.850 Appeal from the Circuit Court
for Brevard County,
Jeffrey Mahl, Judge.

Solomon J. Harrell, Jr., Okeechobee,
pro se.

Ashley Moody, Attorney General,
Tallahassee, and Kellie A. Nielan,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, C.J.

     Solomon Jason Harrell, Jr., was convicted after trial of aggravated

battery with a firearm and aggravated assault with a firearm.  The trial court

sentenced Harrell to serve ten years in prison, with a ten-year mandatory minimum provision, for his aggravated battery conviction; and it sentenced him to a concurrent five years' imprisonment, with a three-year mandatory minimum provision, for the aggravated assault conviction. Harrell's direct appeal of his convictions and sentences was affirmed by this court without opinion.[1]

Harrell thereafter timely filed the instant Florida Rule of Criminal Procedure 3.850 motion, raising six grounds for postconviction relief. Harrell's first claim was based on "newly discovered" evidence, while grounds two through five sought relief for the alleged ineffectiveness of his trial counsel. Lastly, ground six of Harrell's motion asserted a claim of cumulative error.

The postconviction court entered a final order summarily denying Harrell's motion, which he has timely appealed here. Preliminarily, Harrell's initial brief filed in this court did not raise any argument regarding the denial of ground five of his motion. We therefore affirm that part of the order. *See Ward v. State*, 19 So. 3d 1060, 1061 (Fla. 5th DCA 2009) (holding that an appellant abandons his challenge on appeal to those claims summarily

---

[1] *See Harrell v. State*, 275 So. 3d 1249 (Fla. 5th DCA 2019).

2

denied by the postconviction court in a rule 3.850 proceeding by not addressing them in his brief). However, for the following reasons, we reverse the postconviction court's summary denial of the remaining grounds of Harrell's motion and remand for further proceedings.

ANALYSIS—

To uphold the summary denial of a claim under rule 3.850, the claim must be either legally insufficient, or it must be able to be conclusively resolved as a matter of law or by reliance upon the records in the case. *See* Fla. R. Crim. P. 3.850(f)(5). Where, as here, no evidentiary hearing is held by the postconviction court, an appellate court must accept a defendant's factual allegations contained in the rule 3.850 motion, to the extent that the allegations are not refuted by the record. *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999). Further, when the summary denial of the rule 3.850 motion was based on the records in the case, as was done in the present case, a copy of that portion of the file and records that conclusively shows that the defendant is not entitled to relief must be attached to the final order. *See* Fla. R. Crim. P. 3.850(f)(5). The appellate standard of review of a rule 3.850 claim that has been summarily denied is de novo. *State v. Coney*, 845 So. 2d 120, 137 (Fla. 2003).

With these principles in mind, we address, in order, the respective claims made by Harrell that were summarily denied.

GROUND ONE–NEWLY DISCOVERED EVIDENCE

In this first ground, Harrell filed with his motion, as newly discovered evidence, separate affidavits from two of his neighbors who were purportedly eyewitnesses to the incident that led to his arrest and subsequent convictions. These affidavits directly refute and contradict both the victim's trial testimony and that of her sister that Harrell was the aggressor that evening and that he was in possession of and used a firearm during the alleged commission of these crimes. More particularly, both affiants affirmatively stated that the victim struck Harrell several times before Harrell hit back one time in self-defense. Both affiants also averred that Harrell never possessed a gun during this encounter. Harrell asserted that had this testimony from these two witnesses been presented at trial, he would have probably been acquitted.

In *Taylor v. State*, 260 So. 3d 151 (Fla. 2018), the Florida Supreme Court concisely set forth its previously announced standard of review governing claims of newly discovered evidence:

> [T]o obtain a new trial based on newly discovered evidence, a defendant must meet two requirements. First, the evidence must not have been known by the

4

trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. Newly discovered evidence satisfies the second prong of [this] test if it "weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability." If the defendant is seeking to vacate a sentence, the second prong requires that the newly discovered evidence would probably yield a less severe sentence.

*Id.* at 158 (internal citations omitted).

In summarily denying this ground of Harrell's motion, the postconviction court did not directly address the first prong of the test—namely, whether these affidavits qualified as newly discovered evidence. The court did not discuss the issue of whether Harrell or his counsel could have discovered the affiants through the exercise of due diligence. Instead, it found that neither affiant "explained [in their respective affidavits] why they did not come forward until now." The court further concluded that these affidavits were conclusively refuted by the trial testimony of the victim and her sister as to how the incident occurred and would also have had "minimal impeachment value."

Our analysis of the court's denial of this ground is directed by the principles that "[i]n the absence of an evidentiary hearing, courts must

5

accept a defendant's allegations about what a witness might have said at trial as true unless they are conclusively rebutted by the record" as well as that "it is improper to summarily dismiss such a ground because the trial court finds that 'overwhelming evidence' was submitted at trial." *Washington v. State*, 323 So. 3d 234, 236 (Fla. 5th DCA 2021) (citing *Jacobs v. State*, 880 So. 2d 548, 553–55 (Fla. 2004)). Here, although the postconviction court did not find the affidavits of the "newly discovered" witnesses to be inherently incredible, s*ee McLin v. State*, 827 So. 2d 948, 955 (Fla. 2002) (explaining that summary denial of postconviction claim may be warranted "where, from the face of the affidavit, it can be determined that the affidavit is 'inherently incredible'"), it nevertheless appears to have summarily concluded that the victim's and her sister's conflicting trial testimony was more credible than that of the "newly discovered" affiants.

We conclude that the postconviction court erred in this regard as neither the record attachments to the order nor, for that matter, the court's analysis show or explain why the apparent material testimony of Harrell's newly discovered witnesses—which, if believed by a jury, could result in an acquittal or, at the very least, non-mandatory minimum sentences—was conclusively refuted by the victim's and her sister's conflicting or contradictory trial testimony. The resolution of this claim requires either a

6

hearing or additional record attachments to the order. *Cf. Jacobs*, 880 So. 2d at 555 ("[A] claim of ineffectiveness in failing to present important exculpatory evidence cannot be resolved on the basis of the mere existence of conflicting evidence in the record. Rather, the record evidence must *conclusively* rebut the claim if the claim is to be resolved without a hearing."); *Ciambrone v. State*, 128 So. 3d 227, 234 (Fla. 2d DCA 2013) (reversing summary denial of ineffective assistance of counsel claim alleging that multiple witnesses would have contradicted and impeached the testimony of State's witnesses that the defendant abused the victim). We further conclude that the postconviction court's analysis did not conclusively refute the sufficiently pled claim that Harrell and his counsel did not know about these affiants and could not have known about them, which, when no evidentiary hearing is held, must be accepted as true if not conclusively refuted by the record. *See Peede*, 748 So. 2d at 257.

We therefore reverse the summary denial of this ground and remand for further proceedings.

GROUND TWO–COUNSEL'S ALLEGED MISADVICE AS TO THE LIMITS OF IMPEACHMENT IF HARRELL TESTIFIED

Harrell alleged in ground two of his motion that he chose not to testify at his trial due to his trial counsel's ineffectiveness in misleading him that, if

7

he testified, the State would be able to cross-examine him not only as to the number of his prior felony convictions, but also as to the specific nature of his prior felonies. Harrell averred that, but for counsel's misadvice, he would have testified at trial and explained to the jury that he did not have a firearm and that the victim first hit him on his head and face with her fists, resulting in his responding in self-defense; and he contended that presentation of that testimony to the jury would have likely resulted in an acquittal.

To establish an ineffective assistance of trial counsel claim under the seminal case of *Strickland v. Washington*, 466 U.S. 668 (1984), a movant, such as Harrell, must show that "counsel's performance falls outside the range of reasonable professional assistance and . . . there is a reasonable probability that the results of the proceeding would have been different but for the inadequate performance." *State v. Anderson*, 215 So. 3d 181, 183 (Fla. 5th DCA 2017) (quoting *Larry v. State*, 61 So. 3d 1205, 1207 (Fla. 5th DCA 2011)). To resolve a facially sufficient claim for ineffective assistance of counsel, a postconviction court must either hold an evidentiary hearing to address the claim, or it must attach portions of the record to its denial order conclusively refuting the defendant's allegations. *Nelson v. State*, 73 So. 3d 77, 84 (Fla. 2011).

As to the underlying substance of Harrell's claim in this ground, the law is clear that the State is limited on cross-examination to asking a defendant if he or she had previously been convicted of a felony and, if so, the number of prior felony convictions. *See Gavins v. State*, 587 So. 2d 487, 489 (Fla. 1st DCA 1991) (holding that "[g]enerally, when a defendant in a criminal case takes the stand, the prosecutor is permitted to attack the defendant's credibility by asking whether the defendant has ever been convicted of a felony . . . , and how many times. § 90.610, Fla. Stat. (1989)" and that "[i]f the defendant admits the number of prior convictions, the prosecutor is not permitted to ask further questions regarding prior convictions, nor question the defendant as to the nature of the crimes").

In denying this ground of the motion, the postconviction court attached to its order the transcript of the colloquy between the trial court and Harrell during trial when Harrell advised the court that he had elected not to testify. The court also separately concluded that Harrell became aware that the State would be limited in its cross-examination of him based on its earlier questioning of the victim where, during direct examination, the State only inquired as to the number of the victim's felony convictions, and not the specifics of her convictions.

The record of the colloquy attached to the denial order does not show that Harrell had been advised by counsel, or the trial court, that, on cross-examination, the State could not inquire into the specifics of Harrell's prior felony convictions. Nor do we agree with the lower court that because the record shows that the State questioned its own witness just as to the number, and not the specifics, of her prior felony convictions, this translated into conclusively refuting Harrell's claim that he was misled by his counsel or that he was otherwise aware that, on cross-examination, the State could not inquire regarding the specifics of his prior felony convictions.

Accordingly, being presently required to accept, as true, Harrell's allegations that he was misled into believing that the State could inquire into the specifics of his prior felony convictions and that, but for this, he would have testified at trial in a manner that materially differed from the version of events testified to by the victim, *see Hird v. State*, 204 So. 3d 483, 484–85 (Fla. 5th DCA 2016) ("[W]here no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record." (quoting *Peede*, 748 So. 2d at 257)), we agree with Harrell that the postconviction court erred in summarily denying this ground of his motion.

GROUND THREE–COUNSEL'S FAILURE TO SUFFICIENTLY IMPEACH VICTIM'S TESTIMONY REGARDING PENDING FELONY CHARGES

During his opening statement at trial, Harrell's counsel reminded the jury of the importance of using "reasonableness and common sense." He then concluded his remarks by telling the jurors that they should not forget that the victim had "three pending felonies, one of which is a first-degree felony that she could do up to 30 years on by—by itself, just that one charge, and it carries with it a $50,000 fine."

Thereafter, during closing argument, Harrell's counsel, as part of his effort to convince or persuade the jury that the victim's testimony about the alleged criminal incident was not credible, again reminded the jury to consider or evaluate the victim's testimony in light of her three pending felony charges. This comment was met by timely objection from the State, in which the State pointed out that no evidence was actually presented during trial about the victim's alleged pending felony charges. The trial court sustained the objection.

Harrell alleged in this ground of his postconviction motion that his trial counsel was thus ineffective in not presenting the impeaching evidence of the victim's pending felony charges, especially after having indicated his intent to do so during his opening statement. Harrell asserted that, resultingly, he was prejudiced by his counsel's error because this evidence

11

would have further damaged the victim's credibility, creating reasonable doubt as to his guilt.

The failure to impeach a witness, particularly one who may have a motive to lie, may constitute ineffective assistance of counsel. *See Cipriano v. State*, 883 So. 2d 363 (Fla. 4th DCA 2004). To that end, it is well-settled that "if a witness for the State were presently or recently under actual or threatened criminal charges or investigation leading to such criminal charges," then "a person against whom such witness testifies in a criminal case has an absolute right to bring those circumstances out on cross-examination or otherwise so that the jury will be fully apprised as to the witness' possible motive or self-interest with respect to the testimony he gives." *Morrell v. State*, 297 So. 2d 579, 580 (Fla. 1st DCA 1974); *accord Torres-Arboledo v. State*, 524 So. 2d 403, 408 (Fla. 1988) ("When charges are pending against a prosecution witness at the time he testifies, the defense is entitled to bring this fact to the jury's attention to show bias, motive or self-interest." (citing *Fulton v. State*, 335 So. 2d 280, 283 (Fla. 1976))); *George v. State*, 251 So. 3d 262, 270 (Fla. 3d DCA 2018) (holding "that the trial court abused its discretion by not permitting the defense to cross-examine [a witness] regarding his pending criminal charges").

The postconviction court's summary denial of this ground of Harrell's motion provided little substantive analysis as to how it reached its conclusion that counsel's performance in failing to impeach the victim regarding her pending felonies was neither deficient nor prejudicial. Instead, the court appeared to focus on the fact that the State, during its direct examination of the victim, brought out that she had also been previously convicted of six felonies. Although accurate, this observation or finding does not address or otherwise conclusively refute Harrell's specific claim here that he was prejudiced by his counsel's failure to impeach the victim regarding her pending felony charges, nor do any of the attachments to the denial order. We thus reverse the summary denial of this ground. On remand, the court shall either hold an evidentiary hearing or provide further analysis and record attachments to its denial order conclusively refuting this specific claim of prejudice.

GROUND FOUR—COUNSEL WAS INEFFECTIVE FOR FAILING TO FULLY ADVISE HARRELL OF THE STATE'S EVIDENCE PRIOR TO HIS REJECTION OF THE STATE'S FINAL PLEA OFFER

In ground four, Harrell alleged that the State had made him a final pretrial plea offer of thirty months in prison to resolve this case. Harrell rejected this offer, resulting in the State "withdrawing" the offer and making

13

no further plea offers.  As previously mentioned, Harrell proceeded to trial and, as a result, is now serving the lengthier ten-year prison sentence.

Harrell raised two sub-claims for relief in this ground.  He first alleged that his counsel was ineffective in failing to apprise him, prior to having to decide whether to accept the State's plea offer, of the photographic evidence of the victim's injuries that the State intended to present against him at trial. Second, Harrell asserted that his counsel mistakenly advised him that the State could not convict him of either the aggravated battery or aggravated assault charges without first admitting the actual weapon into evidence. Harrell asserted that he was prejudiced by the aforementioned deficient performance of counsel because had he been properly advised (1) as to the existence and extent of the photographic evidence and (2) that he could, in fact, be convicted of the charged offenses without the firearm being admitted into evidence, he would have accepted the State's thirty-month plea offer and the trial court would have accepted the plea and imposed the negotiated thirty-month sentence, instead of the ten-year prison sentence that he is currently serving as a result of rejecting the plea offer and proceeding to trial. *See Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013).

As to the second sub-claim that counsel misadvised Harrell that he could not be convicted of the aggravated felony charges absent the gun

14

being admitted into evidence, precedent from this court provides that the admission of the gun into evidence is not a prerequisite for a conviction. Specifically, "[i]t is not fatal to the prosecution if the state does not introduce [a] weapon into evidence. . . . Eyewitness testimony that the defendant possessed a firearm is sufficient evidence to support a finding that the defendant was in possession of a firearm." *Akins v. State*, 838 So. 2d 637, 639 (Fla. 5th DCA 2003) (citing *Fletcher v. State*, 472 So. 2d 537, 539 (Fla. 5th DCA 1985); *Crump v. State*, 629 So. 2d 231, 233–34 (Fla. 5th DCA 1993)).

The postconviction court appears to have inadvertently failed to address or consider this claim in its denial order. Because Harrell's claim that had he not been misadvised by his counsel, he would have accepted the State's plea offer, the trial court would have accepted the offer, and he would have received a less severe sentence was sufficiently pled, *see Alcorn*, 121 So. 3d at 430, we reverse and remand for the court to either hold an evidentiary hearing or to attach record documents to its order that conclusively refute this sub-claim of ground four.

In summarily denying the first sub-claim asserted in ground four of Harrell's motion, the court first noted that the State had provided the photographs to Harrell's counsel early on in the case. The court further

15

observed that, just before voir dire, Harrell was present in the courtroom when his counsel argued a motion in limine to exclude the photographs from being admitted into evidence.[2] Thus, the court reasoned, Harrell was aware of the photographs' existence.

We conclude that the postconviction court's analysis did not directly address or conclusively refute Harrell's claim. Harrell asserted that his counsel's ineffectiveness was in not showing him the photographs depicting the extent of the victim's injuries *prior* to him having to evaluate whether to accept the State's final plea offer. Harrell necessarily becoming aware of the existence of the photographs by virtue of a later-filed motion in limine is not dispositive. *See Armstrong v. State*, 148 So. 3d 124, 126 (Fla. 2d DCA 2014) ("In the context of ineffective assistance resulting in the rejection of a plea offer, '[p]rejudice . . . is determined based upon a consideration of the circumstances as viewed *at the time of the offer* and what would have been done *with proper and adequate advice*.'" (alteration in original) (quoting *Alcorn*, 121 So. 3d at 432)).

As neither the denial order nor its attachments conclusively refute this sub-claim, we reverse and remand for the court either to hold an evidentiary

---

[2] The trial court denied the motion.

16

hearing or to attach additional records to its order that conclusively refute this sub-claim.

GROUND SIX–CUMULATIVE ERROR

Lastly, in ground six, Harrell sought relief based upon the various errors allegedly committed as more fully described in the first five grounds of his motion. The postconviction court, having summarily denied all other grounds for relief raised in the motion, denied Harrell's cumulative error claim as moot.

Because we are reversing the summary denial order regarding grounds one through four of Harrell's motion for the reasons just explained, we reverse the denial of his cumulative error claim as well. *See Davidson v. State*, 278 So. 3d 741, 744 (Fla. 5th DCA 2019) ("Last, Appellant asserts a claim of cumulative error. Because we are reversing and remanding for an evidentiary hearing as to the two [rule 3.850] claims discussed above, we likewise reverse the summary denial of the cumulative error claim for further consideration." (citing *Batista-Irizarry v. State*, 266 So. 3d 254, 257–58 (Fla. 5th DCA 2019))); *Hempstead v. State*, 980 So. 2d 1254, 1265 (Fla. 2d DCA 2008) (holding that the reversal and remand on some of the defendant's rule 3.850 claims require the reversal of the cumulative error claim).

In summary, we affirm the postconviction court's denial of ground five of Harrell's motion. We reverse the summary denial of grounds one through four and ground six of the motion, and we remand for the lower court to either attach additional court records to its denial order that conclusively refute these claims for postconviction relief or to hold an evidentiary hearing.

AFFIRMED, in part; REVERSED, in part; and REMANDED, with directions.

EISNAUGLE and SASSO, JJ., concur.