657 So.2d 1198 (1995)
Louis BLANDON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1080.
District Court of Appeal of Florida, Fifth District.
June 16, 1995.
Rehearing Denied July 31, 1995.
James B. Gibson, Public Defender, and Sean K. Ahmed, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Louis Blandon appeals his judgments and sentences for attempted murder of a law enforcement officer in count I, burglary of a conveyance in count II, and third-degree grand theft in count III.[1] We affirm his convictions for counts II and III, but we reverse and remand for a new trial as to count I.
A witness called the police after observing Blandon's codefendant and another young man break into a car to steal a cellular phone. A Winter Park police officer, Steve Bracknell, arrived and attempted to arrest Blandon's accomplices. After Bracknell drew his handgun and ordered them to stop, *1199 they attempted to escape in a car being driven by Blandon. Blandon drove toward Bracknell, who fired several shots at the car as it approached him. In the process of evading capture, Blandon struck Bracknell with his car. The police officer continued firing at Blandon and shot him in the head, thigh, and elbow. Blandon escaped but was later arrested in Miami. He was returned to Orange County where he was tried, convicted, and sentenced. Blandon was sentenced in count I to 25 years in the Department of Corrections ("DOC") with a mandatory minimum of 25 years; in count II to two to five years in the DOC; and in count III to five years in the DOC, with all terms to run concurrently.
The sole issue cognizable on appeal is whether the trial court erred when it failed to give the standard jury instruction on justifiable and excusable homicide in count I, attempted murder of a law enforcement officer. Blandon argues that the trial court erred when it failed to give the instruction on justifiable and excusable homicide contained in the introduction to homicide in the standard jury instructions. The instruction provides definitions for both justifiable and excusable homicide and indicates that it is to be read in all murder and manslaughter cases. The trial court instructed the jury on first-degree murder for both premeditated and first-degree felony murder, second-degree murder, and third-degree murder. The instruction on justifiable and excusable homicide, however, was never requested by Blandon, nor was it read by the trial court. Even though Blandon never requested the instruction for justifiable and excusable homicide, we hold that the trial court erred by not reading it.
It is fundamental error for the trial court not to read this instruction because, in its absence, the jury is not fully instructed as to what constitutes lawful acts versus unlawful acts. The Florida Supreme Court has held that the definitions of justifiable and excusable homicide are to be read in all murder and manslaughter cases. See State v. Smith, 573 So.2d 306, 309-10 (Fla. 1990). This court has held that the trial court errs when it fails to give the mandatory standard instruction contained in the introduction to homicide even where the defendant does not request to either limit or eliminate the initial homicide instructions. The absence of an objection does not waive any error occasioned by the failure to read the instruction. Stallings v. State, 634 So.2d 784, 785-86 (Fla. 5th DCA 1994). Jurors need to know what constitutes a criminal act so that they may differentiate between a criminal and non-criminal act. The instruction must be read even if there is no basis in fact for the charge. The instruction is essential to understand the other crimes charged, and the failure to give the instruction is fundamental error. Rojas v. State, 552 So.2d 914 (Fla. 1989).
We also have considered whether Blandon waived this error for purposes of appeal under the authority of Armstrong v. State, 579 So.2d 734 (Fla. 1991), when he failed to request the instruction or to object at the trial level when the instruction was not given. Blandon specifically requested jury instructions on aggravated battery with a deadly weapon, aggravated assault, and simple battery, but he did not request the instruction for justifiable and excusable homicide. Under Armstrong a defendant may waive the need to give the instruction if the defendant affirmatively agrees to or requests an incomplete instruction. Armstrong, 579 So.2d at 735. Fundamental error analysis would not apply if the defendant knowingly waived the giving of the complete instruction. We conclude, however, that Armstrong is inapplicable to the facts of this case.
In Armstrong, defense counsel specifically requested a modified or abbreviated version of the standard instruction. The Florida Supreme Court held that, "[b]y affirmatively requesting the instruction he now challenges, Armstrong has waived any claim of error in the instruction." Id. If defense counsel makes a tactical decision to request a limited instruction, the defendant cannot benefit from that decision on appeal. Id. In the case sub judice, defense counsel for Blandon did not request a limited or abbreviated instruction for justifiable and excusable homicide. Since he did not, there was no waiver. It was the trial court's responsibility *1200 to see that the jury was properly instructed and that the definition of justifiable and excusable homicide was read. The failure to so instruct the jury was reversible error because it resulted in the omission of any definition of justifiable and excusable homicide from the jury instructions. See Rojas, 552 So.2d at 916; see also Smith, 573 So.2d at 310.
Accordingly, we affirm the convictions and sentences for counts II and III, but we set aside the conviction and sentence for count I and remand for a new trial on that count.
AFFIRMED in part; REVERSED in part; REMANDED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] The amended information contained five counts, four of which named Blandon as the accused. Count IV named Blandon's co-defendant alone as the accused. Count V, which charged Blandon with robbery, was dismissed by the trial court. Blandon was, however, convicted of the three remaining counts.