PER CURIAM.
We affirm in all respects and write only to point out that we cannot rely upon Blandon v. State, 657 So.2d 1198 (Fla. 5th DCA 1995), as appellant suggests, since the court in Blandón failed to mention the degree of attempted murder of a law enforcement officer *1150 for which the defendant was convicted. In our ease, the conviction was for attempted murder in the first degree of a law enforcement officer; thus any alleged error occasioned by the absence of an instruction upon justifiable or excusable homicide was harmless, not fundamental. See Bruno v. State, 574 So.2d 76 (Fla.), cert. denied, 502 U.S. 834, 112 S.Ct. 112, 116 L.Ed.2d 81 (1991). Were the conviction for second degree, appellant would be correct. See Rojas v. State, 552 So.2d 914 (Fla.1989).
We note, further, that Blandon was decided prior to State v. Iacovone, 660 So.2d 1371 (Fla.1995), which specified a further distinction, albeit in the penalty stage, between attempted murder of a law enforcement officer in the first degree as opposed to second and third degree.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.