679 So.2d 1249 (1996)
Albert NELSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 95-2636, 95-4081.
District Court of Appeal of Florida, Fourth District.
September 11, 1996.
Rehearing and Certification of Question Denied October 14, 1996.
*1250 Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee; and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant, who was convicted of second degree murder with a firearm, argues that the court erred in instructing the jury on manslaughter without also instructing on excusable and justifiable homicide. We reverse.
In State v. Lucas, 645 So.2d 425, 427 (Fla. 1994), our supreme court held that it was fundamental error for the court to omit an instruction on excusable and justifiable homicide when instructing on manslaughter, except where defense counsel "affirmatively agreed to or requested the incomplete instruction." The issue in this case is whether defense counsel's actions in regard to the instructions fall within the above exception.
The court requested the state to prepare the jury instructions, and requested counsel to meet to determine which instructions could be agreed to, and which could not. The next day, after reviewing the instructions which had been submitted to the court by counsel, the court inquired whether there had been agreement on them, and the prosecutor responded in the affirmative. Defense counsel did not respond.
We do not agree with the state that this constituted an affirmative agreement or request for the incomplete instruction by defense counsel under Lucas. After making the statement in Lucas about affirmative agreement, our supreme court cited Armstrong v. State, 579 So.2d 734 (Fla.1991). In Armstrong defense counsel specifically requested "an abbreviated version of the standard instruction on excusable homicide," and the court held under those circumstances that there was a waiver stating:
Counsel requested the limited instruction in order to tailor it to the defense that the killing was accidental. By affirmatively requesting the instruction he now challenges, Armstrong has waived any claim of error in the instruction. Any other holding would allow a defendant to intentionally inject error into the trial and then await the outcome with the expectation that if he is found guilty the conviction will be automatically reversed.
Id. at 735 (footnote omitted).
We cannot agree that in the present case defense counsel "affirmatively agreed to or requested the incomplete instruction." Lucas at 427. At best, so far as this record shows, there was a failure to object. Nor would defense counsel's general statement requesting no lesser included offenses, to which the court did not accede, constitute a waiver. Hall v. State, 677 So.2d 1353 (Fla. 5th DCA 1996).
We therefore reverse the conviction of second degree murder with a firearm and remand for a new trial. After being convicted of that charge, appellant pled no contest to possession of a firearm by a convicted felon, but appellant and the state agreed that if the second degree murder conviction were reversed, the conviction based on the plea would also be reversed. We thus reverse that as well.
Finally, as the issue may be raised again at a new trial, we have considered the trial court's admission of statements made by the victim as dying declarations and find them to have been properly admitted.
DELL and PARIENTE, JJ., concur.