795 So.2d 173 (2001)
Ricardo PHILIPPE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1622.
District Court of Appeal of Florida, Third District.
September 5, 2001.
*174 Ricardo Philippe, in proper person.
Robert A. Butterworth, Attorney General, and Margaret Brenan, Assistant Attorney General, for appellee.
Before LEVY, GREEN, and FLETCHER, JJ.
FLETCHER, Judge.
Ricardo Philippe appeals an order denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
Philippe was tried before a jury for second degree murder and attempted armed robbery. The victim, who shot the co-defendant as co-defendant was attempting to rob him, was also injured in the fray. Philippe was convicted as charged and sentenced to thirty years. He appealed and this Court affirmed.
Philippe first claims that counsel was ineffective for failing to file a motion to discharge pursuant to speedy trial rules. This issue has no merit because the record shows two defense continuances before the speedy time had run, see Appellee's Appendix G, which effectively waived the 175-day speedy time as well as Philippe's right to discharge under that rule. State v. Guzman, 697 So.2d 1263 (Fla. 3d DCA 1997). Furthermore, the record shows that the trial court conducted a hearing on a defense motion to suppress after time for speedy trial had expired, indicating that the defense was still not ready for trial. Appellee's Appendix G.
Philippe next claims that his counsel was ineffective for waiving the jury instruction for excusable homicide. The usual rule is that failure to give instructions and definitions of excusable and justifiable homicide in a murder or manslaughter case constitutes fundamental error because the trial court fails to advise the jury as to what constitutes lawful acts versus unlawful acts. See Blandon v. State, 657 So.2d 1198, 1199 (Fla. 5th DCA 1995) (citing State v. Smith, 573 So.2d 306, 309-310 (Fla.1990)). As occurred here, an exception to this rule arises when defense counsel affirmatively agrees to the omission or the alteration of a jury instruction. See Roberts v. State, 694 So.2d 825, 826 (Fla. 2d DCA 1997) (citing Armstrong v. State, 579 So.2d 734, 735 (Fla.1991)). Before the exception applies, defense counsel must be aware of the omission and affirmatively agree to it. Cf. Black v. State, 695 So.2d 459, 461 (Fla. 1st DCA 1997). The record conclusively and affirmatively shows that defense counsel requested that the court omit the instruction on excusable homicide because it didn't apply, and that Philippe agreed with defense counsel's decision to waive these particular instructions. Appellee's Appendix H, T. at 443; see Avila v. State, 745 So.2d 983 (Fla. 4th DCA 1999)(where manslaughter is not a lesser-included offense to the degree of homicide charged, as in second degree felony murder, there is no logical basis for requiring instruction on the definitions of excusable and justifiable homicide).
Philippe next claims that counsel was ineffective because he failed to object to the trial court's elimination of the jury instruction for third degree felony murder, and also failed to request inclusion of that instruction. This claim fails because third degree felony murder did not apply to these facts. Defendant was charged with second degree felony murder, which applies when a person is killed in the perpetration of an offense by a person other than the perpetrator. In this case, the victim of the armed robbery shot the co-defendant. Third degree felony murder does not apply to these facts because it requires that the perpetrator of the offense *175 commit the killing, and the instruction was properly removed.
Last, Philippe argues that counsel was ineffective for failing to contest the sentencing guideline scoresheet that included points for the primary offense as well as for victim injury. Because Philippe was convicted for second degree felony murder, he was scored for this primary offense. Because the victim's injuries occurred during the attempted armed robbery in which Philippe was a principal, victim injury points were also scored. See § 921.0021(7)(a), Fla. Stat.(2000); Fla. R.Crim. P. 3.703(d)(9); see also Appellee's Appendix I. There is no error here.
Philippe has not shown that his attorney's actions rise to Strickland ineffectiveness. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We affirm.
Affirmed.