814 So.2d 1204 (2002)
George DAMOULAKIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5054.
District Court of Appeal of Florida, Second District.
April 24, 2002.
*1205 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
BLUE, Chief Judge.
George Damoulakis was charged with attempted second-degree murder with a deadly weapon and causing great bodily harm. He was convicted by a jury of the lesser offense of aggravated battery (with great bodily harm). Damoulakis raises three issues on appeal, challenging the sufficiency of the evidence, improper hearsay evidence, and jury instructions. While we see some merit as to the first two issues, we need not discuss them because we are required to reverse based on the incomplete jury instructions.
The trial court failed to instruct the jury on justifiable and excusable homicide. "A trial court must read the definitions of excusable and justifiable homicide in all murder and manslaughter cases. A failure to give these instructions constitutes fundamental error." Van Loan v. State, 736 So.2d 803, 804 (Fla. 2d DCA 1999) (citations omitted); see also Blandon v. State, 657 So.2d 1198, 1199 (Fla. 5th DCA 1995). When a defendant has been convicted of manslaughter or a greater offense not more than one step removed, the failure to instruct on justifiable and excusable homicide is not subject to a harmless error analysis. See Black v. State, 695 So.2d 459, 460 (Fla. 1st DCA 1997); see also State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978) (explaining that the error is per se reversible in such cases because it is impossible to determine the impact of the omission on the jury's exercise of its inherent pardon power). Therefore, we are compelled to reverse.
We note an additional error. The trial court instructed the jury on attempted second-degree murder with a deadly *1206 weapon, attempted second-degree murder, attempted manslaughter, aggravated battery, and battery, in that order. In response to a jury question, the trial court informed the jury that the charges were listed in the order of severity. This was incorrect. Attempted manslaughter is a third-degree felony. See § 782.07(1), Fla. Stat. (1999) (manslaughter is second-degree felony); § 777.04(4), Fla. Stat. (1999) (attempt is one level below offense). Aggravated battery is a second-degree felony. See § 784.045, Fla. Stat. (1999). The trial court's incorrect response to the jury's question supports our decision to reverse this case and remand it for a new trial.
Reversed and remanded for a new trial.
FULMER and GREEN, JJ., concur.