818 So.2d 679 (2002)
Eric RICHARDSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2351.
District Court of Appeal of Florida, Third District.
June 12, 2002.
*680 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Steven R. Berger, Assistant Attorney General, for appellee.
Before GODERICH and SHEVIN, JJ., and NESBITT, Senior Judge.
SHEVIN, Judge.
Eric Richardson appeals a judgment of conviction for attempted second degree murder. We reverse and remand for a new trial on attempted second degree murder.
Richardson correctly argues that the court committed fundamental error in failing to instruct the jury as to the definition of excusable and justifiable attempted homicide as provided in the standard jury instruction, "Introduction to Attempted Homicide." Fla. Std. Jury Instr. (Crim.). It is well-settled law that the "failure to give instructions and definitions of excusable and justifiable homicide in a murder or manslaughter case constitutes fundamental error because the trial court fails to advise the jury as to what constitutes lawful acts versus unlawful acts." Philippe v. State, 795 So.2d 173, 174 (Fla. 3d DCA 2001). See Armstrong v. State, 579 So.2d 734 (Fla.1991); Damoulakis v. State, 814 So.2d 1204 (Fla. 2d DCA 2002); Smith v. State, 773 So.2d 1278 (Fla. 5th DCA 2000); Thurston v. State, 762 So.2d 558 (Fla. 4th DCA 2000). Here, the trial court failed to so instruct the jury. It is the court's responsibility to instruct the jury properly on the definitions of excusable and justifiable attempted homicide. Van Loan v. State, 736 So.2d 803 (Fla. 2d DCA 1999). Although we recognize that defense counsel may waive this error by "affirmatively agree[ing] to the omission or the alteration of a jury instruction," Philippe, 795 So.2d at 174; State v. Lucas, 645 So.2d 425 (Fla.1994); Armstrong, 579 So.2d at 734, a review of the record does not reveal an affirmative waiver. See Van Loan, 736 So.2d at 804; Blandon v. State, 657 So.2d 1198 (Fla. 5th DCA 1995). See also, Nelson v. State, 679 So.2d 1249, 1250 (Fla. 4th DCA 1996). Accordingly, Richardson is entitled to a new trial.
Reversed and remanded for a new trial on the attempted second degree murder charge.