828 So.2d 460 (2002)
Joseph Robert FLETCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2069.
District Court of Appeal of Florida, Fifth District.
October 18, 2002.
*461 Wayne Fetzer Henderson, St. Augustine, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
This is a good example of a case in which an inadvertent oversight in reading the standard jury instructions can result in the reversal of a murder conviction. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140.
After all the evidence and closing arguments, the trial court began instructing the jury on the elements of second degree murder and the lesser included crime of manslaughter. The court then stated:
However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide, as I have previously explained those terms. I will explain that in a minute. I've got it a little bit backwards, but I will explain that.
(Emphasis added). The record shows, however, that the court failed to read the definitions of justifiable or excusable homicide, as contained in Florida Standard Jury Instruction, "Introduction to Homicide." Although Fletcher failed to object to the trial court's failure to give instructions on justifiable and excusable homicide, the state concedes that such error has been found to constitute fundamental error, and can be raised for the first time on appeal. See, e.g., Black v. State, 695 So.2d 459 (Fla. 1st DCA 1997); Blandon v. State, 657 So.2d 1198 (Fla. 5th DCA 1995).
It is well-established that trial courts are required to read the instructions on justifiable and excusable homicide in all murder and manslaughter cases. Hall v. State, 677 So.2d 1353 (Fla. 5th DCA 1996); Blandon, 657 So.2d at 1198 citing State v. Smith, 573 So.2d 306 (Fla. 1990). Failure to read these instructions constitutes fundamental error, even if there is no basis in fact for the charge. Blandon, 657 So.2d at 1199. An exception to this rule occurs when defense counsel requests or affirmatively agrees to the omission or alteration of a jury instruction. See, e.g., Armstrong v. State, 579 So.2d 734 (Fla.1991); Hall; Blandon. For this exception to apply, defense counsel must be aware of the omission, alteration or incomplete instruction, and affirmatively agree to it. Black, 695 So.2d at 460. In the instant case, the trial court failed to give these instructions,[1] and there is no evidence *462 in the record showing that defense counsel was aware of and affirmatively agreed to these omissions.
The state acknowledges our holding in Ortiz v. State, 682 So.2d 217 (Fla. 5th DCA 1996), that "the mere failure to object to the omission of a justifiable homicide charge ... does not constitute an affirmative waiver." However, it attempts to argue, without supporting case law, that Fletcher affirmatively waived this fundamental error by repeatedly failing to object to the erroneous instructions as the trial court instructed and re-instructed the jury a total of three times. This argument lacks merit.
The state's argument that defense counsel failed to object three different times is not entirely accurate. The trial judge re-read the instruction on justifiable use of deadly force one time and read the definitions of aggravated assault and aggravated battery one time. Both of these instructions related to the self defense instructions, not to the crimes charged. Since the judge only instructed the jury on the crimes charged one time, he only failed to read the instructions on justifiable and excusable homicide one time. Thus, at best, defense counsel failed to object to these incomplete instructions one time, not three.
In summary, the trial court committed fundamental, reversible error in failing to read the instructions on justifiable and excusable homicide. Defense counsel's failure to object did not constitute an affirmative waiver of this error. Accordingly, we reverse and remand for a new trial. We take this opportunity to remind trial courts of the importance of giving the full instruction on excusable and justifiable homicide in every murder and manslaughter case unless clearly and affirmatively waived by the defendant. In light of our decision to reverse, we need not address Fletcher's other arguments.
REVERSED AND REMANDED FOR A NEW TRIAL.
COBB and PALMER, JJ., concur.
NOTES
[1] The facts in the instant case are identical to those in Black, wherein the court stated:

Although the court indicated that the terms justifiable and excusable homicide had been explained earlier, nowhere in the transcript of the jury instructions is there an earlier charge on the definition of either justifiable or excusable homicide. While the court did go on to define justifiable homicide in relation to the defense of self-defense, the jury was never instructed on the definition of excusable homicide.
Black, 695 So.2d at 460.