884 So.2d 140 (2004)
Jose GUARDIOLA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-122.
District Court of Appeal of Florida, Second District.
July 16, 2004.
COVINGTON, Judge.
Jose Guardiola, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises three grounds alleging ineffective assistance of appellate counsel. We grant the petition as it relates to one *141 of the grounds raised therein, and we deny, without comment, the remaining two grounds.
Guardiola was charged by information with, inter alia, attempted second-degree murder with a firearm. He was convicted of the lesser included offense of aggravated battery with a firearm. Guardiola alleges that appellate counsel was ineffective for not raising the argument on direct appeal that the trial court's failure to instruct the jury on the definitions of excusable and justifiable homicide[1] constituted fundamental error requiring reversal of his aggravated battery conviction.
In Damoulakis v. State, 814 So.2d 1204 (Fla. 2d DCA 2002), Damoulakis was charged with attempted second-degree murder but was convicted of the lesser included offense of aggravated battery. The trial court in that case also failed to instruct the jury on the definitions of excusable and justifiable homicide. The Damoulakis court cited Van Loan v. State, 736 So.2d 803, 804 (Fla. 2d DCA 1999), for the proposition that the trial court is required to instruct the jury on excusable and justifiable homicide in all murder and manslaughter cases and that the failure to do so constitutes fundamental error.[2]See 814 So.2d at 1205. Even though Damoulakis was issued prior to the filing of the initial brief in the appeal from the judgment and sentences in this case, appellate counsel did not raise the issue that the trial court committed fundamental error in failing to instruct the jury on the definitions of excusable and justifiable homicide. Appellate counsel's omission constituted deficient performance that undermined confidence in the correctness and fairness of the result of the appeal. See Downs v. Moore, 801 So.2d 906 (Fla.2001) (holding that to establish a claim of ineffective assistance of appellate counsel, a petitioner must show that counsel's performance was deficient and the deficiency of the performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the result).
We emphasize two aspects of this decision. First, our decision to permit Mr. Guardiola to file a new notice of appeal is no guaranty that we will ultimately determine that he is entitled to relief. Whether this case is controlled by Damoulakis or whether this court should recede from Damoulakis are issues that we can consider at a later time.
Likewise, Mr. Guardiola was convicted and sentenced for aggravated battery with a firearm, aggravated assault with a firearm, and shooting into an occupied vehicle. The issue that we rule on today entitles him to appeal the judgment and sentence for aggravated battery with a firearm, but *142 there is no reason to believe that our affirmance in his original appeal is subject to question as to the other two offenses. We have not authorized an appeal from the other judgment and sentences.
Accordingly, the petition is denied in part and granted in part, with instructions to the trial court to, within thirty days from the issuance of the mandate in this case, appoint an appellate attorney to file a brief on the above issue. Appellate counsel shall, within thirty days of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal.
ALTENBERND, C.J., and STRINGER, J., concur.
NOTES
[1] Portions of the trial transcript attached to the trial court's order show that trial counsel neither objected to the failure to instruct the jury on the definitions of excusable and justifiable homicide nor did he affirmatively agree to the omission of said instructions.
[2] Since the issuance of Damoulakis, this court has created an exception to the rule that the failure to instruct the jury on the definitions of excusable and justifiable homicide in all murder and manslaughter cases is fundamental error. In Pena v. State, 829 So.2d 289 (Fla. 2d DCA 2002), this court held that it was not fundamental error to omit the instructions on excusable and justifiable homicide where the defendant was charged and convicted of drug-distribution first-degree murder and the factual circumstances did not support any jury argument relying upon the excusable or justifiable homicide jury instructions. We note that, in the present case, the portions of the trial record before us establish that Guardiola, who was in no danger nor under threat of any kind, intentionally fired, unprovoked, on the victim's car, and that Guardiola's defense at trial was that the State did not establish that he was the shooter.