PER CURIAM.
Eric Richardson appeals an order denying his motion to correct illegal sentence. We affirm.
We concur with the trial court that there was no double jeopardy violation. The amendment on remand from Richardson v. State, 818 So.2d 679 (Fla. 3d DCA 2002) made no difference because the court did *1000 not employ subsection 775.087(1), Florida Statutes (1999), to reclassify the offense of attempted second degree murder to a higher level of felony. Further, even if the court had relied on subsection 775.087(1)— which it did not — the change in terminology from “weapon” to “deadly weapon” does not make any substantive difference in the application of the statute. Finally, this was a favorable plea bargain in which the parties mutually agreed on the sentence, as well as the offense, to which the defendant pled guilty. That being so, had there been any double jeopardy issue, the claim would have been waived. See Novaton v. State, 634 So.2d 607 (Fla.1994).
The defendant’s pro se motion labors under the misconception that at his original trial he was acquitted of the use of a knife in connection with the attempted second degree murder. That is not so. A proper interpretation of the verdict form is that in the original trial he was convicted of the offense as charged. This court reversed for a new trial on the attempted second degree murder charge on account of an error in the jury instructions, 818 So.2d at 680, after which the parties entered into the plea bargain.
The trial court was also correct in rejecting the defendant’s claim that he does not qualify as habitual a violent felony offender. The record demonstrates that he does qualify.
Affirmed.*

 The defendant was also convicted of false imprisonment at the original trial. That conviction and sentence were not disturbed on appeal. Thus, it was agreed at the subsequent plea colloquy on the attempted second degree murder charge that no resentencing would be required on the false imprisonment charge.