VILLANTI, Judge.
This appeal proceeds pursuant to our decision in Guardiola v. State, 884 So.2d 140 (Fla. 2d DCA 2004) (Guardiola I), in which we granted Jose Guardiola a new appeal of his judgment and sentence for aggravated battery with a firearm due to ineffective assistance of appellate counsel in his initial appeal. In this new appeal, Guardiola presents two issues: (1) that the trial court erred in failing to instruct the jury on excusable and justifiable homicide and (2) that the trial court erred in denying Guardiola’s Apprendi[1] challenge to his sentence. Because we find no merit in either issue, we affirm.
Guardiola was originally charged with attempted murder in the second degree, aggravated assault, and shooting into an occupied vehicle. Following a trial, the jury found Guardiola guilty of aggravated battery with a firearm (a lesser-included offense of the attempted murder charge) and the remaining two offenses (as charged). His direct appeal was affirmed by this court. Guardiola v. State, 837 So.2d 976 (Fla. 2d DCA 2002) (table decision). He then filed a petition alleging that his appellate counsel was ineffective for failing to argue error when the trial court did not instruct on excusable and justifiable homicide. This court denied in part and granted in part the relief sought. Guardiola I, 884 So.2d at 142.
Specifically, this court authorized a new appeal of the aggravated battery with a firearm conviction. Id. at 141. The court determined that appellate counsel’s failure to “raise the issue that the trial court *999 committed fundamental error in failing to instruct the jury on the definitions of excusable and justifiable homicide ... constituted deficient performance that undermined confidence in the correctness and fairness of the result of the appeal.” Id. This court emphasized that “our decision to permit Mr. Guardiola to file a new notice of appeal is no guaranty that we will ultimately determine that he is entitled to relief. Whether this case is controlled by Damoulakis [v. State, 814 So.2d 1204 (Fla. 2d DCA 2002),] or whether this court should recede from Damoulakis are issues that we can consider at a later time.” Id. Upon consideration of this issue, we conclude that Damoulakis does not support reversal of Guardiola’s conviction on direct appeal.
In Damoulakis the jury was instructed on, among other things, attempted manslaughter, a third-degree felony, as a lesser of attempted second-degree murder with a deadly weapon. 814 So.2d at 1205-06. The defendant was convicted of aggravated battery as a lesser, a second-degree felony, which is a greater offense than the attempted manslaughter. Id. at 1206. In Guardiola’s trial, however, the jury was instructed only on attempted second-degree murder and aggravated battery as a lesser. The verdict form did not include attempted manslaughter.[2] Because attempted manslaughter was not given as a lesser in Guardiola’s case, the Damoulakis opinion is not applicable.
Guardiola also contends that the trial court erred by denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Based on Guardiola’s use of a firearm, Guardiola’s sentence was enhanced to twenty-five years in prison. His motion alleged that the sentence was erroneous because it was enhanced based on a fact not presented to the jury, contrary to the holding of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt”). The verdict form listed three interrogatories regarding the firearm use. The jury specifically found that Guardiola possessed and discharged a firearm during the commission of the aggravated battery.
Accordingly, we affirm Guardiola’s judgment and sentence for aggravated battery with a firearm.
Judgment and sentence affirmed.
FULMER, C.J., and WALLACE, J., Concur.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. Guardiola acknowledges that the trial court did not instruct on attempted voluntary manslaughter and argues error in this regard. At trial, Guardiola’s counsel was asked if he was requesting any additional lessers and he responded, “No, Judge.” Therefore, the record reflects that the attempted manslaughter instruction was not requested, and we conclude that the trial court did not commit fundamental error in failing to give it.