974 So.2d 1131 (2008)
Patrick LINDSEY, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D07-1518.
District Court of Appeal of Florida, Third District.
February 6, 2008.
*1132 Patrick Lindsey, in proper person.
Bill McCollum, Attorney General, and Angel L. Fleming, Assistant Attorney General, for respondent.
Before GERSTEN, C.J., and ROTHENBERG and LAGOA, JJ.
ROTHENBERG, Judge.
Patrick Lindsey ("the defendant") petitions this Court for habeas corpus relief, alleging ineffective assistance of appellate counsel for failing to argue on direct appeal the violation of his right to a speedy trial. As the defendant waived his right to a speedy trial, appellate counsel cannot be faulted for failing to raise a meritless claim. We, therefore, deny the petition. See Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000) (holding that failure to raise a legal issue which, in all probability, would have been found to be without merit if raised on direct appeal, will not render appellate counsel's performance ineffective).
The record reflects that the defendant's trial counsel filed a notice of expiration of speedy trial on September 4, 2003. Thereafter, the State moved for, and was granted, a two-week extension of the speedy trial period because its key witness was on military leave and unavailable, resetting the case for trial for September 22, 2003, which was the day of the witness' return. On September 12, 2003, however, the defendant's trial counsel informed the trial court that he would be unavailable for trial during the entire week beginning September 22, 2003, and, thus, a defense continuance was issued. As the defendant's trial counsel was unavailable for trial during the week beginning September 22, 2003, and a defense continuance was granted, the defendant waived his right to discharge under the speedy trial rule. Philippe v. State, 795 So.2d 173, 174 (Fla. 3d DCA 2001); State v. Guzman, 697 So.2d 1263, 1264 (Fla. 3d DCA 1997).
Petition denied.