990 So.2d 702 (2008)
Waymon JENKINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D08-79.
District Court of Appeal of Florida, Fourth District.
September 24, 2008.
Waymon Jenkins, Blountstown, pro se.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
Petitioner was convicted of manslaughter, and his appeal was affirmed. He alleges in his petition for writ of habeas corpus that his appellate counsel was ineffective, because counsel failed to argue on appeal that the trial court erred in not instructing the jury on excusable homicide. Petitioner's theory of defense was that the shooting was an accident. We conclude that the failure to instruct was fundamental error which should have been raised on appeal and grant a new trial.
Petitioner shot and killed the victim, a woman who was the mother of his child, during an argument. Afterward he voluntarily contacted the police, turned himself in, and gave a statement to the effect that the shooting was an accident. He was charged with second degree murder with a firearm and, following a jury trial, found guilty of manslaughter with a finding that a firearm was used during the offense. He received a life sentence as a habitual offender.
On direct appeal counsel raised one issue, that the court erred in not granting *703 petitioner's motion for judgment of acquittal on the manslaughter charge, which this court affirmed. Petitioner now argues that, because his defense at trial was that the shooting occurred accidentally, the jury should have been instructed on excusable homicide, and that his appellate counsel was ineffective for failing to raise that as fundamental error on the appeal. State v. Lucas, 645 So.2d 425 (Fla.1994) (failure to include an instruction on excusable homicide as part of a manslaughter instruction is fundamental error which can be raised for the first time on appeal).
The instruction for excusable homicide, which is based on section 782.03, Florida Statutes, is contained in Florida Standard Jury Instruction (Crim.) 7.1:
The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:
1. When the killing is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or
2. When the killing occurs by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or
3. When the killing is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel or unusual manner.
The state's main argument in response is that the failure to give an excusable homicide instruction in a manslaughter case is not always fundamental error, citing Franco v. State, 901 So.2d 901 (Fla. 4th DCA 2005). Franco is distinguishable in that there the court did not instruct the jury on excusable homicide as part of the instruction for attempted second degree murder, but did read the instruction in connection with the manslaughter charge. Franco was found guilty of attempted second degree murder with a firearm. We concluded that, because the defendant was convicted of an offense two degrees removed from manslaughter, and the instruction was read in connection with the manslaughter charge, the failure to read the instruction was not fundamental error requiring a new trial under those specific facts. Petitioner also points out that in Franco the defense at trial was misidentification, not that the shooting was accidental.
The failure to give the excusable homicide standard jury instruction was fundamental error under the facts in this case and should have been raised on direct appeal. We further conclude that the deficient performance of counsel compromised the appellate process so as to undermine confidence in the correctness of the result. Rutherford v. Moore, 774 So.2d 637 (Fla. 2000). Because the error which occurred at petitioner's trial would have required a reversal, if it had been raised, there is no point in merely granting him a belated appeal. Johnson v. Wainwright, 498 So.2d 938 (Fla.1986) (finding ineffective assistance of counsel on appeal, but granting a new trial because a new appeal would be redundant); Lee v. State, 958 So.2d 521 (Fla. 2d DCA 2007); Bruce v. State, 879 So.2d 686 (Fla. 4th DCA 2004). Reversed for a new trial.
POLEN and HAZOURI, JJ., concur.