EVANDER, J.
Eford petitions for a writ of habeas corpus, alleging ineffective assistance of appellate counsel. See generally, Fla. R. App. P. 9.141(c). Only one of the grounds raised in Eford’s petition merits discussion. Eford contends that appellate counsel was ineffective for failing to argue that *1171 the trial court erred in not instructing the jury on justifiable and excusable attempted homicide when giving the attempted felony murder instruction. Eford acknowledges that his trial counsel did not object to the trial court’s omission of these instructions, but contends that the trial court committed fundamental error. We disagree.
Eford was convicted of attempted felony murder with a weapon, burglary of a conveyance, grand theft, driving while license revoked causing serious bodily injury or death, driving while license revoked as a habitual traffic offender, and leaving the scene of an accident with injuries. The attempted felony murder charge was based on Eford’s act of striking the victim with his motor vehicle while fleeing from the burglary location. Eford’s primary defense was that he did not participate in the burglary. His convictions were per curiam affirmed. Eford v. State, 934 So.2d 472 (Fla. 5th DCA 2006).
At first glance, Eford’s position would appear to find support from our decisions in Blandon v. State, 657 So.2d 1198 (Fla. 5th DCA 1995) and Smith v. State, 773 So.2d 1278 (Fla. 5th DCA 2000). In Blan-dón, we reversed the defendant’s conviction for attempted murder of a law enforcement officer, finding that the trial court committed fundamental error in failing to give the instructions on justifiable and excusable homicide contained in the introduction to homicide in the standard jury instructions. We stated that the definitions of justifiable and excusable homicide must be read in all murder and manslaughter cases and strongly suggested that the failure to do so would always constitute fundamental error.
It is fundamental error for the trial court not to read this instruction because, in its absence, the jury is not fully instructed as to what constitutes lawful acts versus unlawful acts. The Florida Supreme Court has held that the definitions of justifiable and excusable homicide are to be read in all murder and manslaughter cases.
Blandon, 657 So.2d at 1199 (emphasis in original).
In Smith, we specifically stated that the failure to give the justifiable and excusable homicide instructions constituted fundamental error even where the instructions were inconsistent with the defense presented. Smith, 773 So.2d at 1279-80. However, both Blandón and Smith preceded the Florida Supreme Court’s decision in Pena v. State, 901 So.2d 781 (Fla.2005).
In Pena, the defendant was convicted of first degree drug distribution murder. § 782.04(1)(a)(3), Fla. Stat. (1999). Pena gave the victim illegal narcotics which the jury found caused her to die from a drug overdose. On appeal, Pena argued that the trial court committed fundamental error by failing to instruct the jury on justifiable and excusable homicide even though the factual circumstances did not support any jury argument relying on these instructions. The supreme court found that no fundamental error had occurred.
The court began its analysis by stating the general rule that in homicide trials where manslaughter appears on the jury form either as a charged or a lesser offense, the jury must be instructed on the definitions of justifiable and excusable homicide. These instructions are to be given “because manslaughter is a residual offense that can only be fully defined by exclusion of the properly explained defenses of excusable and justifiable homicide.” Id. at 786-87. But, the court went on to find that a failure to give the definitions of justifiable and excusable homicide is subject to a harmless error analysis where the lesser offense of manslaughter is two or *1172 more steps removed from the offense of which the defendant is convicted.
[T]he significance of the two-steps-removed requirement is more than merely a matter of number or degree. A jury must be given a fair opportunity to exercise its inherent ‘pardon’ power by returning a verdict of guilty as to the next lower crime. If the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense. However, when the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.
Id. at 786-87. The court then rejected Pena’s claim of fundamental error, finding (1) that the lesser offense of manslaughter was three steps removed from the first degree murder charge of which Pena was convicted, and (2) any error was harmless because, based on the factual context of Pena’s case, justifiable and excusable homicide were not material issues. Thus, contrary to our language in Blandón and Smith, Pena makes clear that the failure to give the justifiable or excusable homicide or attempted homicide instruction does not constitute per se fundamental error in all murder or attempted murder cases. Franco v. State, 901 So.2d 901 (Fla. 4th DCA 2005).
In the present case, Eford does not assert that the factual circumstances of his case supported any jury argument relying on the justifiable or excusable homicide instructions. Furthermore, the jury was not even instructed on attempted manslaughter. The only lesser included offenses to Eford’s attempted felony murder with a weapon charge were attempted felony murder, aggravated battery, felony battery, and battery. The trial court’s failure to give the justifiable and excusable attempted homicide instructions was not objected to, nor did it constitute fundamental error. Accordingly, Eford’s counsel cannot be found to have been ineffective for not raising this issue on appeal.
Petition for Writ of Habeas Corpus Alleging Ineffective Assistance of Counsel DENIED.
GRIFFIN and TORPY, JJ., concur.