PER CURIAM.
Basil Burford petitions this court for a writ of habeas corpus alleging that appellate counsel was ineffective for failing to raise one issue of fundamental error. We agree and grant the petition.
While fleeing from an officer attempting to make a traffic stop, the petitioner ran through a red light where his vehicle collided with a pickup truck, killing the other driver. He was convicted of one count of manslaughter by culpable negligence, vehicular homicide, and fleeing a law enforcement officer. On direct appeal, we affirmed his manslaughter conviction; however, we remanded for the trial court to vacate the vehicular homicide count — a lesser included offense of manslaughter by culpable negligence — as it violated double jeopardy. See Burford v. State, 8 So.3d 478 (Fla. 4th DCA 2009).
Burford correctly points out that the trial court failed to instruct the jury on justifiable and excusable homicide in connection with the manslaughter instruction. This court has previously recognized this to be fundamental error and found appellate counsel ineffective for not raising it. See Jenkins v. State, 990 So.2d 702, 703 (Fla. 4th DCA 2008).
The State concedes that the instruction was not read, but argues that failure to give the instruction is not per se fundamental error, relying on cases such as Pena v. State, 901 So.2d 781, 786 (Fla.2005), and Franco v. State, 901 So.2d 901 (Fla. 4th DCA 2005). In Franco, the trial court did not read the excusable homicide instruction in connection with the manslaughter charge, but did read it as part of second-degree murder. This court found that it was not fundamental error as to those facts. Id. at 904-05. Unlike in Franco, the instruction here was not read at all. See Jenkins, 990 So.2d at 703. “In all murder and manslaughter trials, the jury must be instructed as to the definitions of justifiable and excusable homicide.” Black v. State, 695 So.2d 459, 460 (Fla. 1st DCA 1997) (citing State v. Smith, 573 So.2d 306 (Fla.1990)).
In Jimenez v. State, 994 So.2d 1141, 1142 (Fla. 3d DCA 2008), the Third District noted:
“[Bjecause manslaughter is a ‘residual offense, defined by reference to what it is not,’ a complete instruction on manslaughter requires an explanation that justifiable and excusable homicide are excluded from the crime.” State v. Lucas, 645 So.2d 425, 427 (Fla.1994) (citations omitted). “[FJailure to give a complete instruction on manslaughter during the original jury charge is fundamental error which is not subject to harmless-error analysis where the defendant has been convicted of either manslaughter or a greater offense not more than one step removed, such as second-degree murder.” Id.
As to the State’s suggestion that the facts, themselves, do not support excusable homicide, we reject this argument in accordance with Black, 695 So.2d at 460 (“It matters not whether any view of the *919 evidence could support a finding of either excusable or justifiable homicide”).
We grant the petition alleging ineffective assistance of appellate counsel and remand for a new trial. See Jenkins, 990 So.2d at 702.

Petition Granted.

STEVENSON, GERBER and CONNER, JJ., concur.