PER CURIAM.
Diego Martinez filed a petition for writ of habeas corpus, contending that his appellate counsel provided constitutionally ineffective assistance for failing to raise, on direct appeal, the trial court’s giving of an erroneous instruction. That instruction advised the jury that Martinez had the burden of proving the defense of self-defense beyond a reasonable doubt. Martinez asserts that this instruction was fundamentally erroneous and appellate counsel’s failure to raise this fundamental error on appeal entitles him to relief.
We need not determine whether the error was fundamental, because even if it was fundamental error, it was waived by trial counsel’s affirmative acceptance of the trial court’s erroneous instruction. Falwell v. State, 88 So.3d 970 (Fla. 5th DCA 2012) (holding fundamental error was waived where the defense affirmatively agreed to an erroneous jury instruction which placed the burden on defendant to prove self-defense beyond a reasonable *1191 doubt). See also Richardson v. State, 818 So.2d 679, 680 (Fla. 3d DCA 2002) (holding “defense counsel may waive [a fundamentally erroneous jury instruction] by ‘affirmatively agreeing] to the omission or the alteration of a jury instruction!.]’ ”) (quoting Philippe v. State, 795 So.2d 173, 174 (Fla. 3d DCA 2001)). Rather than seeking habeas corpus relief with this Court, Martinez should have filed a motion for post-conviction relief with the trial court pursuant to Florida Rule of Criminal Procedure 3.850.[1]
We deny the petition without prejudice for Martinez to file, within sixty days, a legally sufficient motion for postconviction relief pursuant to Rule 3.850, limited to the issue raised in this petition. The Office of the Public Defender shall continue as counsel for Martinez for the postconviction proceedings below.

. This petition was filed less than two years after the judgment and sentence became final. Thus, had Martinez filed a motion for post-conviction relief alleging ineffective assistance of trial counsel, it would have been timely filed. See Fla. R.Crim. P. 3.850(b).