PER CURIAM.
The defendant was convicted of attempted second degree murder. After af-firmance of his direct appeal, he filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. He raised several arguments, one of which was that his trial counsel was ineffective in not objecting to the omission of Florida Standard Jury Instruction (Crim.) 6.1 (2004). The trial court summarily denied the motion by attaching the state’s response to the motion. We reverse as to the jury instruction argument, concluding that the court must conduct an evidentiary hearing on that argument. On all of the defendant’s other arguments, we affirm without further discussion.
The victim and his friend were standing next to a street when the defendant drove up in his car. The defendant’s girlfriend was in the passenger seat. The defendant exited his car. The victim’s friend walked halfway to the defendant’s car. Angry words were exchanged. From there, the stories diverged. According to the victim: the defendant pointed a gun at him and his friend, so the victim picked up an empty bottle from the street and threw it at the defendant; the bottle shattered the defendant’s car window; when the victim turned away, the defendant shot the him in the back. According to the defendant: when the angry words were exchanged, he turned to get back in his car and his window shattered; he turned and saw the victim and the victim’s friend rushing towards him; he could not run because he was an amputee and his girlfriend was in the car, so he pulled his gun and fired to scare the men; he did not know that he *777 shot the victim. The victim’s friend testified consistently with the defendant’s testimony. According to the victim’s friend: when the angry words were exchanged, he and the victim ran towards the defendant, with the victim throwing a bottle towards the defendant’s car; when the bottle shattered the car’s window, the defendant pointed a gun at them and fired; the victim’s friend jumped to the side, and the bullet struck the victim.
Defendant argues that his trial counsel was ineffective in not objecting to the omission of Florida Standard Jury Instruction (Crim.) 6.1 (2004). That instruction, entitled “Introduction to Attempted Homicide,” defines justifiable attempted homicide and excusable attempted homicide. The justifiable attempted homicide definition states, in pertinent part: “The attempted killing of a human being is justifiable and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant .... ” The excusable attempted homicide definition states, in pertinent part:
The attempted killing of a human being is excusable and therefore lawful under any one of the ... following circumstances:
1. When the attempted killing is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or
2. When the attempted killing occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation ...
[[Image here]]
The state argues that trial counsel’s failure to object to the omission of this instruction was irrelevant because, according to the state, the evidence did not support this instruction. In support, the state cites Franco v. State, 901 So.2d 901, 904-05 (Fla. 4th DCA 2005), and Eford v. State, 993 So.2d 1170, 1172 (Fla. 5th DCA 2008). Both of those cases hold that appellate counsel was not ineffective for failing to raise on appeal the omission of the jury instruction on justifiable or excusable homicide.
However, those cases are distinguishable. In Franco, we concluded that appellate counsel’s failure to raise the omission of the instruction was irrelevant because:
At trial, [the defendant] asserted a mis-identifieation defense. He did not make any jury argument that the shooting was excusable or justified. In postconviction proceedings, [the defendant] continued to assert that the police had gotten the wrong guy and that counsel was ineffective in failing to call alibi witnesses. [The defendant] has never identified any basis for a jury finding that the unprovoked shooting was justifiable or excusable in any way.
901 So.2d at 904. In Eford, the fifth district similarly concluded that appellate counsel’s failure to raise the omission of the instruction was irrelevant because “[the defendant] does not assert that the factual circumstances of his case supported any jury argument relying on the justifiable or excusable homicide instructions.” 993 So.2d at 1172.
Here, however, the defendant argued to the jury that the shooting was justified or excusable. If the jury accepted the argument, then the definitions of justifiable attempted homicide and excusable attempted homicide, as contained in instruction 6.1, would have been relevant. Thus, we cannot say that it was correct for the trial court to summarily deny the defendant’s argument that his trial counsel was ineffective in not objecting to the omission of this instruction.
*778 Based on the foregoing, we remand this case for the trial court to conduct an evi-dentiary hearing on that argument or attach portions of the record which conclusively refute that argument. See Woody v. State, 27 So.3d 745, 746-47 (Fla. 4th DCA 2010) (reversing for an evidentiary hearing or the attachment of portions of the record which conclusively refute the defendant’s claim that trial counsel was ineffective in failing to object when the trial court omitted the definitions of justifiable and excusable homicide from the jury instructions).
On all of the defendant’s other arguments, we affirm without further discussion.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

POLEN, STEVENSON, and GERBER, JJ., concur.