DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ADRIAN L. HUNTER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-1357

[October 15, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 2009CF011625AXX.

Andrew F. Rier and Daniel Tibbitt of Andrew Rier, P.A., Miami, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

We affirm appellant's convictions for battery of one victim and third-degree felony murder of another, rejecting appellant's claim that a jury instruction on principals was fundamentally erroneous. Not only did defense counsel affirmatively agree to the instruction, thus waiving any error, *see Martinez v. State*, 98 So. 3d 1190 (Fla. 3d DCA 2012), but we conclude that there was evidence to support the instruction.

Appellant Hunter was called on the phone by his co-defendant, Shanovia Mack, who was his cousin. She was angry with Valcourt, one of the victims in this case, for having hit her earlier in the evening. She wanted Hunter to help her confront and fight Valcourt. Other witnesses testified that she said she wanted the victim "murked," which is sometimes a slang term for murdered. Hunter met with the co-defendant, Mack, and brought his brother along. The three went to confront the victim, Valcourt. Mack testified that she expected that they would beat up Valcourt. Witnesses testified that the two men got out of the car, and the brother confronted both victims, pistol-whipping one of them. During the pistol-

whipping, the gun discharged, killing Valcourt. Although the state proceeded on the theory that the appellant was the person with the gun who shot the victim, there was also sufficient evidence to support the principal jury instruction in that appellant was responsible for bringing his brother to the confrontation, and they all knew they were going to fight the victim. Appellant claimed that the action of his brother in shooting the victim was an independent act not expected or intended by him.

*Shavers v. State*, 86 So. 3d 1218 (Fla. 2d DCA 2012), relied on by appellant, is distinguishable. There, Shavers was charged with first degree murder and first degree robbery for stealing cash from a drug dealer and shooting him. The state's theory was that Shavers shot the victim during a robbery while a witness looked on. The state presented evidence that Shavers had asked several people at a party to help him rob the victim but no one agreed. At some point during the night, Shavers and the victim were alone with a man named Peterson. Peterson claimed that he saw Shavers shoot and rob the victim. There was evidence that Shavers and another person, Bailey, went on a spending spree with the victim's drug money. At trial, Shaver's theory was that Bailey shot the victim while Peterson looked on, and Peterson misidentified Shavers as the shooter in order to protect Bailey, who was Peterson's childhood friend. Of most relevance to this case, there was no evidence that Shavers acted in concert with Bailey to commit the murder or to rob the victim. Thus, the principals instruction, which was objected to, should not have been given. *Id.* at 1224.

In contrast, in this case Hunter brought his brother to the scene, even though Mack called only Hunter to assist her in confronting and fighting the victim. Thus, at the very least they were intending to commit a battery. Both men got out of the car to confront the victims. After the victim was shot, both men ran and escaped the scene. It was for the jury to assess whether the discharge of the brother's firearm constituted an independent act or a crime within the foreseeable consequences of the criminal conduct set in motion. "Whether a defendant knows of a criminal act ahead of time or physically participates in the crime, participation with another in a common criminal scheme renders the defendant guilty of all crimes committed in furtherance of that scheme." *Jackson v. State*, 18 So. 3d 1016, 1026 (Fla. 2009).

Given the facts of this case, there was no error in giving the principal instruction. Appellant also alleges that the information failed to charge him as a principal, but that claim is meritless, as the information does not need to include such language. *State v. Roby*, 246 So. 2d 566, 571 (Fla. 1971).

2

For the foregoing reasons, we affirm appellant's conviction.

CONNER and KLINGENSMITH, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***